IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | CRIMINAL CASE NO. 3:16-CR-196-L-1 |
| | § | |
| JOSHUA WILLIAM JACKSON, | § | |
|    #54191-177, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's pro se Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling Reasons and the COVID-19 virus pandemic (Doc. 162), filed June 25, 2020. Also before the court are Defendant's supplemental motions (Doc. 164, 165, 168), request for emergency ruling and to appoint counsel (Doc. 166), letters of support submitted by Cassandra Kuklinski, Adam Gaither, Robert Jackson, and Jacqueline Jackson (Doc. 158, 160, 161, 167), and Defendant's affidavit (Doc. 170). The Government opposes Defendant's motion (Doc. 172). As detailed herein, Defendant's motions are **denied**.

## I.

In 2017, after being found competent to stand trial, Defendant pled guilty to using an interstate commerce facility to aid a racketeering enterprise, receiving a firearm while under indictment, and cyberstalking and was sentenced to consecutive sentences totaling 156 months of imprisonment. Doc. 111. He now seeks release from confinement because he suffers from preexisting, chronic medical conditions and overall deteriorating health—COPD, "asthmatic and cardiac issues," extensive allergies, and difficulties in maintaining a healthy diet and adequate weight due to the loss of most of his teeth and "extremely high allergies"—all of which he contends render him more susceptible to the COVID-19 virus.

According to the Bureau of Prison's ("BOP's") website, Defendant is 32 years old, has a projected release date of June 21, 2027, and is presently confined at the Seagoville FCI. As of July 28, 2020, the BOP's website reported 1276 COVID-19 positive cases among Seagoville FCI's inmates and 14 among staff members.[1] Upon review, the court concludes that Defendant is not eligible for a sentence modification or appointment of counsel.

II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). Under Section 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)); *see id.* at 693 n.1. The court's decision must also be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Defendant offers no proof that he exhausted all his administrative remedies. While the Warden denied his request for a reduction in sentence, Defendant does not contend that he fully exhausted his appeal through the Administrative Remedies process. Thus, the court concludes that Defendant has failed to exhaust his administrative remedies.

Even discounting Defendant's failure to exhaust, the court finds that Defendant has not presented extraordinary and compelling reasons consistent with the Sentencing Guidelines Policy

---

[1] The BOP's inmate locator and COVID-19 cases websites are available at https://www.bop.gov/inmateloc/ and https://www.bop.gov/coronavirus/ (last accessed on July 28, 2020).

Statement to warrant a reduction of his sentence under Section 3582(c)(1)(A).

> The policy statement sets forth three circumstances that are considered "extraordinary and compelling reasons." Among these are the "medical condition of the defendant," including where the defendant is "suffering from a serious physical or medical condition ... that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."

*United States v. Muniz*, ___ F. Supp. 3d ___, 2020 WL 1540325, at *1 (S.D. Tex. Mar. 30, 2020) (citing and quoting U.S.S.G. § 1B1.13(1)(A) & cmt. n.1).[2]

The court does not downplay Defendant's chronic medical conditions— COPD, "asthmatic and cardiac issues," extensive allergies, and difficulties in maintaining a healthy diet and adequate weight due to the loss of most of his teeth and "extremely high allergies"—or discount that being confined in a prison makes it more difficult for him or any prisoner to follow official precautions for social distancing and handwashing while in custody. Defendant has failed, however, to provide sufficient grounds for compassionate release. Specifically, he fails to establish that his conditions (1) are sufficiently severe, (2) have an end of life trajectory, and (3) diminish his ability to provide self-care.

Moreover, according to BOP's medical records, Defendant has been under evaluation and treatment since testing positive for COVID-19 on July 11, 2020. Doc. 173-1 at 32-42. Despite complaints of chest pain on July 13, the medical records show Defendant was in no respiratory distress but rhonchi (a continuous rattling, snoring, or whistling noise in the lungs) was detected. On July 24, 2020, he complained of shortness of breath due alleged worsening of his asthma

---

[2] Because Section 1B1.13 of the advisory Guidelines has not been amended since the First Step Act widened the availability of compassionate release under Section 3582(c)(1)(A), some district courts have declined to apply this policy statement. *See, e.g., United States v. Gonzales*, No. SA-05-CE-561-XR, 2019 WL 5102742, at *2-3 (W.D. Tex. Oct. 10, 2019); *see also United States v. Perdigao*, Crim. A. No. 07-103, 2020 WL1672322, at *2 (E.D. La. Apr. 2, 2020).

symptoms. The medical examiner observed, however, that Defendant was in "[n]o apparent distress," was "[p]leasant and cooperative," and did not have fever, chills, congestion, fatigue, or a sore throat. Although diminishing "breath sounds to the bases" were detected, Defendant's breathing remained unlabored. Defendant was prescribed steroid to alleviate his asthma symptoms and X-rays of his chest were taken. Because of "low lung volumes needing better inspiratory effort," the X-rays were going to be repeated on Monday July 27, 2020. On this record, Defendant's chronic respiratory condition is insufficient to establish exceptional and compelling circumstances to warrant compassionate release.

In addition, even if there are extraordinary and compelling reasons for a sentence reduction, the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Under U.S.S.G. § 1B1.13(2), the court must determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) requires the court to consider factors such as the nature and circumstances of the charged offense, the history and characteristics of the defendant, and the nature and seriousness of the danger to any person or the community at large that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

Defendant is currently incarcerated for using an interstate commerce facility to aid a racketeering enterprise, receiving a firearm while under indictment, and cyberstalking. The court concludes that the nature, circumstances, and gravity of his offenses, combined with the possession of firearms and the troubling treatment of his victim, as summarized in the Presentence Report (PSR), demonstrate that Defendant would be a danger to the community if released.

In addition, the court is not persuaded that the Section 3553(a) factors would support Defendant's request for compassionate release. *See United States v. Chambliss*, 948 F.3d at 692-

93 ("[C]ompassionate release is discretionary, not mandatory, and could be refused after weighing the sentencing factors of 18 U.S.C. § 3553(a)."). The court weighs those factors as it did at sentencing. As noted, Defendant is currently incarcerated for using an interstate commerce facility to aid a racketeering enterprise, receiving a firearm while under indictment, and cyberstalking. At sentencing, the advisory guidelines range was 168-180 months. Defendant also qualified for a criminal history category of II based on his prior criminal activity and the court imposed a sentence below the guidelines range at 156 months. Based on the record as a whole, the court cannot now conclude that the Section 3553(a) factors would support the relief Defendant seeks.

Accordingly, Defendant is not eligible for compassionate release.

### III.

Likewise, Defendant is not entitled to appointed counsel. The First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue. Notably, however, the Fifth Circuit has found that "a defendant does not have a statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings." *United States v. Hereford*, 385 F. App'x 366, 368 (5th Cir. 2010) (per curiam) (citing *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)).

The above holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court. Moreover, because "the constitutional right to counsel extends only through the defendant's first appeal," and not to post-conviction relief, a Sixth Amendment right to appointed counsel does not attach to motions filed under § 3582(c)(1)(A). *Whitebird*, 55 F.3d at 1011; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief).

The court therefore finds that Defendant has no statutory or constitutional right to appointed counsel to assist him with the present motion for compassionate release.

IV.

For the foregoing reasons, Defendant's Motion for Compassionate Release and request for emergency ruling and to appoint counsel are **denied**.

**It is so ordered** this 30th day of July, 2020.

Sam A. Lindsay
United States District Judge